CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JUDITH SCHAPER                                    Case No. 2017 FEB 17 A 9 10

                        Plaintiff,

        -vs.-                                     **COMPLAINT**
                                                  **WITH JURY DEMAND**
THE BRONX LEBANON HOSPITAL CENTER and
CAROL WILSON

                        Defendants.
----------------------------------------------------------------X

        Plaintiff JUDITH SCHAPER, by and through her attorneys, the LAW OFFICES OF

WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

## NATURE OF ACTION

        1.      This is action is brought pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, New

York Exec. Law § 290 et seq. ("NYSHRL"), the New York City Human Rights Law, Title 8 of

the Administrative Code of the City of New York, as amended, including The Local Civil Rights

Restoration Act, effective October 3, 2005 as well Local Laws 1, 34, 35, 36, 37, 38, and 40 of

2016 ("NYCHRL"), and other appropriate rules, regulations, statutes and ordinances.

Specifically, Plaintiff brings claims for discrimination, being subjected to hostile to a work

environment, retaliation and unlawful termination.

2017 FEB 17 A 9 23

NYC COMMISSION
ON HUMAN RIGHTS
LAW ENFORCEMENT BUREAU

## *JURISDICTION AND VENUE*

2.      Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, Title VII, 42 U.S.C. §2000e, *et seq.* Plaintiff relies upon 28 U.S.C. §1367 to invoke supplemental jurisdiction with respect to the New York State and City claims which form another basis for recovery upon the same factual nexus, specifically Plaintiff's NYSHRL and NYCHRL claims.

3.      Venue is based upon 28 U.S.C. § 1391(b)(2), insofar as all of the events giving rise to the within causes of action occurred in this Judicial District.

## ***THE PARTIES***

4.      The plaintiff JUDITH SCHAPER (hereinafter "Ms. Schaper" or "Plaintiff") is an individual residing in Bronx County, New York.

5.      At all times herein pertinent, Ms. Schaper was an "employee" of the Defendants, and each of them, within the meaning of Title VII, 42 U.S.C. §2000e, N.Y. Exec Law §292(6), and the NYCHRL, N.Y.C. Admin. Code § 101 *et seq.*

6.      At all times herein pertinent, Ms. Schaper was a "person" within the meaning of Title VII, 42 U.S.C. §2000e, the NYSHRL, N.Y. Exec Law §292(1), and NYCHRL, N.Y.C. Admin. Code § 102(1).

2017 FEB 17 A 4: 23

LAW ENFORCEMENT BUREAU
OR HUMAN RIGHTS
NYC COMMISSION

2

7.     Upon information and belief, Defendant THE BRONX LEBANON HOSPITAL CENTER (hereinafter "BLH") was and is a domestic corporation created pursuant to the laws of the State of New York with a principal place of business located at 1276 Fulton Avenue, Bronx, NY 10456.

8.     BLH was, at all times herein pertinent, an employer of the Plaintiff, within the meaning of Title VII, 42 U.S.C. §2000e and had fifteen (15) or more persons in its employ at all times relevant.

9.     At all times herein pertinent, Defendant BLH was an "employer" as it is defined in N.Y. Exec Law §292(5), and in the NYCHRL, N.Y.C. Admin. Code § 102(5) and had four (4) or more persons in its employ at all times herein pertinent.

10.     Defendant, CAROL WILSON ("Wilson"), at all times herein pertinent, was a Nurse Manager for BLH, and as such, had the authority to hire, fire, discipline, supervise, and direct the Plaintiff, and administer the terms, conditions and privileges of her employment.

11.     Defendant Wilson was, at all times herein pertinent, an employer of the Plaintiff, within the meaning of Title VII, 42 U.S.C. §2000e and had fifteen (15) or more persons in its employ at all times herein pertinent.

12.    At all times herein pertinent, Defendant Wilson was an "employer" as it is defined in N.Y. Exec Law §292(5), and in the NYCHRL, N.Y.C. Admin. Code § 102(5) and had four (4) or more persons in its employ at all times herein pertinent.

13.    Upon information and belief, Defendant Wilson has, and at all times herein pertinent, had, her actual place of business at the Concourse Division, located at 1650 Grand Concourse, Bronx, NY 10457.

14.    Defendant Wilson actually participated in the conduct giving rise to the claims of discrimination alleged herein, and is liable as an aider and abettor of unlawful conduct.

## *FACTUAL ALLEGATIONS*

15.    Ms. Schaper is a Hispanic American female.

16.    Ms. Schaper was first hired by BLH on or about May 6, 2013 as a patient transport aide.

17.    On or about March 7, 2015, Ms. Schaper was promoted to the position of Patient Care Technician ("PCT").

18.    Ms. Schaper's performance, up until the events described below, always met or exceeded Defendants' job performance expectations.

19.     When Ms. Schaper was promoted she was placed under the supervision of Defendant Wilson.

20.     Defendant Wilson, at all times herein pertinent, was a Patient Care Manager ("PCM"), and was Ms. Schaper's direct supervisor.

21.     Ms. Wilson is a Jamaican American female, and, at all times herein pertinent, held racial animus towards Hispanic people.

22.     Defendant Wilson demonstrated this racial animus, only by way of example, by :

   a.  Often removing Ms. Schaper and the other Hispanic employees on her shift from their assigned posts, to cover other assignments, then intentionally leaving the original assigned post vacant, directly placing Ms. Schaper's job at risk;

   b.  Repeatedly referring to Ms. Schaper and the other Hispanic Women on her shift as "you people" in a very derogatory manner;

   c.  Repeatedly assigning only the Hispanic workers, including Ms. Schaper, to perform jobs designated to be covered by at least two people;

   d.  Repeatedly referring to Hispanics as "always having to dress to show something" and indicating the breast area and buttocks, with such comments made in the presence of Ms. Schaper and other Hispanic employees.

   e.  Angrily mimicking Ms. Schaper's Spanish language, when Ms. Schaper and her co-workers spoke in Spanish during her breaks;

   f.  Admonishing Ms. Schaper for speaking Spanish to her co-workers; and

   g.  Making threats and physically intimidating Ms. Schaper and other Hispanic employees.

23.     Ms. Wilson's constant hostile treatment of Ms. Schaper caused Ms. Schaper to have anxiety attacks and sever spikes in blood pressure, resulting in a trip to the emergency room after one particular shift.

24.     After being subjected to this behavior for a number of months, on August 3, 2015, Ms. Schaper reported Ms. Wilsons's racist behavior to the Director of the Emergency Room Department, to another Nurse Manager, and to Jason J. Nhambiu, Esq. the Director of Labor Relations at BLH.

25.     Ms. Schaper was terminated on August 11, 2015, eight days after making the complaint above.

26.     Ms. Schaper was terminated from her employment by the Defendants for complaining of the hostile work environment to which she was subjected.

27.     The reason given to Ms. Schaper by the Defendants for her termination was that on July 7, 2015 Ms. Schaper refused to complete a specific task, specifically refused to change a patient who had soiled himself.  This is untrue.  On July 7, 2015, Ms. Schaper was asked by a patient's daughter to change a patient who had soiled herself.  A doctor had requested Ms. Schaper's immediate assistance to help administer an EKG on an emergent basis, and Ms. Schaper explained to the patient's daughter that she would need about 10 minutes or so to help the doctor before she could change the patient's diaper.  In fact, the doctor in question wrote a letter on behalf of Ms. Schaper explaining the urgent circumstances that warranted Ms. Schaper's attention, expressing gratitude for her immediate assistance.

28.     Defendants subjected Plaintiff to a work environment permeated with discriminatory intimidation, ridicule, and insult based on race.

6

29.     Defendant Wilson's discriminatory conduct was both severe and pervasive as she subjected the Plaintiff to discriminatory acts and harassment nearly every week, throughout each shift under her supervision.  This conduct was personally insulting, offensive, and abusive to Plaintiff and would be objectively insulting, offensive, and abusive to others.

30.     Such conduct caused a material alteration of Plaintiff's terms and conditions of employment on the basis of race, thereby creating a hostile work environment.

31.     Defendants' intolerable conduct far exceeded petty slights or trivial inconveniences acceptable in the workplace.  As a result, Plaintiff was treated less well than other employees on the basis of race, creating a hostile work environment.

32.     Prior to the commencement of this action, Plaintiff served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, in accordance with N.Y.C. Admin. Code § 8-502(c).

33.     Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

34.     Plaintiff received a notice of right to sue letter from the EEOC within 90 days of the filing of this complaint.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *RETALIATION UNDER TITLE VII*
### *(Not Against Individual Defendant)*

35.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

36.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful to "discriminat[e] against any of his employees... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter"

37.     Plaintiff reported and complained of a hostile work environment.

38.     Defendants retaliated against the Plaintiff for her reporting of the hostile work environment by terminating her employment.

39.     Based on the foregoing, Defendants retaliated against the Plaintiff for engaging in protected activity through her complaints of a hostile work environment.

40.     As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

41.     As a further proximate result of Defendants actions, Plaintiff suffered, and continue to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

42.     As a result of being terminated from BLH, Plaintiff has been limited and restricted in her pursuit for alternative employment.

43.     Defendants' conduct was perpetrated with a conscious disregard of Plaintiff's rights.

### AS FOR A SECOND CAUSE OF ACTION
### DISCRIMINATION - TITLE VII
### (Not Against Individual Defendant)

44.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45.     Title VII of the Civil Rights Act of 1964 provides that

It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

46.     As described above, Defendants have discriminated against the Plaintiff due to her race by subjecting Plaintiff to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

9

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *RETALIATION UNDER NEW YORK STATE HUMAN RIGHTS LAW*
### *(Against the Defendants, and Each of Them)*

47.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48.     New York State Executive Law § 296(1)(e) provides, inter alia, that "[i]t shall be unlawful discriminatory practice... for any employer... to discharge, expel, or otherwise discriminate against any person because he or she opposed any practices forbidden under this article..."

49.     Plaintiff reported and complained of a hostile work environment.

50.     Defendants retaliated against the Plaintiff for her reporting of the hostile work environment by terminating her employment.

51.     Based on the foregoing, Defendants retaliated against the Plaintiff for engaging in protected activity through her complaints of a hostile work environment.

52.     As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

53.     As a further proximate result of Defendants actions, Plaintiff suffered, and continue to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

54.     Defendants' conduct was perpetrated with a conscious disregard of Plaintiff's rights.

### *AS FOR A FOURTH CAUSE OF ACTION*
### *HOSTILE WORK ENVIRONMENT UNDER NEW YORK STATE HUMAN RIGHTS LAW*
### *(Against the Defendants, and Each of Them)*

55.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56.     Based on the foregoing, Plaintiff was subjected to a hostile work environment on the basis of race in violation of the NYSHRL.

57.     As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

58.     As a further proximate result of Defendants actions, Plaintiff suffered, and continue to suffer, severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

59.     Defendants' conduct was perpetrated with a conscious disregard of Plaintiff's rights.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *RETALIATION UNDER NEW YORK CITY HUMAN RIGHTS LAW*
### *(Against the Defendants, and Each of Them)*

60.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

61.     The Administrative Code of the City of New York, states that it shall be unlawful discriminatory practice for any employer to

> retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter.

62.     Plaintiff reported and complained of a hostile work environment

63.     Defendants retaliated against the Plaintiff for her reporting a hostile work environment.

64.     Based on the foregoing, Defendants retaliated against the Plaintiff for engaging in protected activity through her complaints a hostile work environment

65.     As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

66.     As a further proximate result of Defendants actions, Plaintiff suffered, and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

67.     Defendants' conduct was perpetrated with a conscious disregard of Plaintiffs' rights.

### AS AND FOR A SIXTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT UNDER NEW YORK CITY HUMAN RIGHTS LAW
### (Against the Defendants, and Each of Them)

68.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

69.     Based on the foregoing, Plaintiff was subjected to a hostile work environment on the basis of race.

70.     As a proximate result of Defendants' retaliation, Plaintiff has suffered compensatory and other consequential damages and expenses.

71.     As a further proximate result of Defendants actions, Plaintiff suffered, and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish, and damage to her reputation.

72.     Defendants' conduct was perpetrated with a conscious disregard of Plaintiffs' rights.

## *AS AND FOR A SEVENTH CAUSE OF ACTION*
## *EMPLOYER LIABILITY UNDER NEW YORK CITY HUMAN RIGHTS LAW*
### *(Against the Defendants, and Each of Them)*

73.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

74.     The New York City Administrative Code Title 8 §8-107(13) provides

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

75.     Defendants violated the section cited herein as set forth.

14

### *AS AND FOR A EIGHTH CAUSE OF ACTION*
### *UNDER NEW YORK CITY HUMAN RIGHTS LAW*

76.     Plaintiff repeats, reiterates and reasserts all allegations contained in the preceding paragraphs of this complaint as if fully set forth herein at length.

77.     The New York City Administrative Code Title 8 §8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

78.     Defendants violated the section cited herein by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

### *JURY DEMAND*

79.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands trial by jury with respect to all issues so triable.

**WHEREFORE**, Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

a)  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL and the NYCHRL, in that they retaliated against the Plaintiff for reporting a hostile work environment;

15

b) Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL and the NYCHRL, in that they subjected the Plaintiff to a hostile work environment;

c) Ordering Defendants comply with the anti-retaliation provisions of Title VII, the NYSHRL and the NYCHRL;

d) Ordering Defendants to comply with the anti-hostile work environment/discrimination provisions of Title VII, the NYSHRL and the NYCHRL;

e) Awarding damages to the Plaintiff for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make the Plaintiff whole for an losses suffered as a result of Defendants' unlawful employment practices;

f) Awarding Plaintiff punitive damages;

g) awarding the costs and disbursements of this action, along with reasonable attorneys' fees;

h) Awarding prejudgment interest on the lost wages and benefits due; and

i) Granting any such other relief that the court deems just.

Dated:  New York, New York
        February 16, 2017

        **LAW OFFICES OF WILLIAM CAFARO**

        William Cafaro, Esq.
        *Attorneys for Plaintiff*
        108 West 39th Street, Ste. 602
        New York, New York 10018
        (212) 583-7400
        bcafaro@cafaroesq.com
        Our File No.:  70060

16

To:

THE BRONX LEBANON HOSPITAL CENTER
1276 Fulton Avenue
Bronx, NY 10456

CAROL WILSON
1276 Fulton Avenue
Bronx, NY 10456

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUDITH SCHAPER                                    Case No.


                              Plaintiff,
             -vs.-

THE BRONX LEBANON HOSPITAL CENTER and
CAROL WILSON

                              Defendants.
-----------------------------------------------------------------X


**COMPLAINT WITH JURY DEMAND**


LAW OFFICES OF WILLIAM CAFARO
108 West 39th Street, Ste. 602
New York, New York 10018
(212) 583-7400
Our File No.: 70048