UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDITH SCHAPER,

                  Plaintiff,

-against-

THE BRONX LEBANON HOSPITAL
CENTER and CAROL WILSON,

                  Defendants.

1:17-cv-01246 (ALC)

ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Judith Schaper brings this action against Defendants the Bronx Lebanon Hospital Center and Carol Wilson (collectively, the "Defendants"), alleging claims of retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). *See* Compl., ECF No. 1. On September 30, 2019, the Court denied Defendants' motion for summary judgment. *See* ECF No. 82. In that order, the Court stated

> Plaintiff's opposition to the motion for summary judgement adds discrimination claims of disparate treatment under Title VII, NYSHRL and NYCHRL. Although Plaintiff's Second Cause of Action is characterized as a discrimination claim under Title VII, it cannot be construed as a claim of disparate treatment because it is limited to a claim of hostile work environment. *See* Compl. At 9. ("Defendants have discriminated against the Plaintiff due to her race by subjecting Plaintiff to a hostile work environment."). The Complaint otherwise does not include claims of disparate treatment and accordingly, the court will not address these discrimination claims. *See Thomas v. Egan*, 1 F. App'x 52, 54 (2d Cir. 2001) (citations omitted) ("A claim must be set forth in the pleadings, in order to give defendants fair notice of the nature of the plaintiff's claim. Thus, it is inappropriate to raise new claims for the first time in submissions in opposition to a summary judgment motion."). However, Plaintiff may request leave to amend her Complaint.

*Id.* at n. 1.

1

Subsequently, on October 8, 2019, Plaintiff filed a pre-motion conference letter requesting leave to file a motion to amend her complaint. *See* ECF No. 83. Defendants opposed the pre-motion conference letter request on October 14, 2019. *See* ECF No. 84. For the purpose of efficiency, the Court deemed Plaintiff's pre-motion conference letter as a motion to amend her complaint and ordered Defendants to submit a letter brief in opposition to Plaintiff's motion by November 12, 2019. *See* ECF No. 85. Because the Defendants failed to respond to said order by the Court ordered deadline, on December 12, 2019, the Court issued an order to show cause as to why Plaintiff's letter should not be treated as unopposed. *See* ECF 86. That same day, the Defendants filed an opposition brief setting forth their position. *See* ECF No. 87.

Pursuant to Federal Rules of Civil Procedure 15(a)(1) a party may amend its complaint once without leave of court up to 21 days after the service of either a responsive pleading or various Fed. R. Civ. P. 12 motions. *See* Fed. R. Civ. P. 15(a)(1). After that time has expired, any amendment requires the consent of the opposing parties or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id.* The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178). Where "the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile" courts in this circuit have denied motions to amend a complaint. *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).

The Defendants argue that Plaintiff's motion should be denied because she has exercised undue delay and a dilatory motive, and the defendants would be unduly prejudiced if the Court were to grant the request. The Court disagrees. Although it is true that discovery closed and the court rendered a decision on Defendants' motion for summary judgment, "'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *see also State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend"). Here, Plaintiff believed her complaint included a claim of disparate treatment. This belief appears to be genuine considering Plaintiff addressed disparate treatment in her opposition brief to Defendants' summary judgment motion. Because Defendants have failed to make a showing of bad faith, and as described below they have not demonstrated undue prejudice, the Court finds that this delay is not sufficient to deny Plaintiff's motion.

"In determining what constitutes 'prejudice,'" the Second Circuit has considered "whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (citing *Block*, 988 F.2d 988 F.2d 344, 350 (2d Cir. 1993)). Here, Plaintiff indicated that there is no need for further discovery because she simply intends to add previously obtained information to her complaint. Accordingly, the Defendants would not be required to expend significant

3

additional resources. Furthermore, there will not be significant delay in the resolution of the dispute since a trial has not yet been scheduled.

For the reasons set forth above, Plaintiff is **GRANTED** leave to amend her complaint for the limited purpose of adding a disparate treatment claim. Plaintiff must file an amended complaint on or before **January 10, 2020**.

**SO ORDERED.**

Dated: December 20, 2019
   New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**

4